780 So.2d 1136 (2001)
Iris Maney, wife of/and Joseph MANEY
v.
Courtney EVANS, U.S.A. Parking, Allstate Insurance Company and Nationwide Mutual Fire Insurance Company.
No. 2000-CA-0798.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 2001.
*1137 Stephen P. Bruno, Bruno & Bruno, New Orleans, LA, Counsel for Plaintiff/Appellee.
Joseph B. Morton, III, Duplass, Zain, Bourgeois & Morton, and James L. Donovan, Jr., Donovan & Lawler, Metairie, LA, Counsel for Defendant/Appellant.
Court composed of Judge BAGNERIS, Judge KIRBY, Judge GORBATY.
GORBATY, Judge.
In this appeal, Allstate Insurance Company ("Allstate") contends that the trial court erred in finding that Iris Maney's mental anguish was severe and debilitating. *1138 For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY
On May 5, 1995, Iris Maney and her husband of nearly thirty years, Joseph, attended a retirement dinner at the Sheraton Hotel in downtown New Orleans. The Maneys parked their vehicle in the Sheraton with the valet service operated by USA Parking. After the party, Mr. Maney paid the cashier and waited for the attendant to retrieve their car. When the car arrived, Mr. Maney walked towards it. Suddenly, he was struck by a vehicle owned by John Boucree and operated by Courtney Evans, an employee of USA Parking, who had lost control of the vehicle. Mr. Maney was knocked into the air, landed on the concrete pavement and was pinned underneath the vehicle.[1] He was taken by ambulance to Touro Infirmary.
Mrs. Maney testified that she observed the accident occur and went into a state of shock. She became hysterical and started screaming in horror, believing her husband to be dead. Immediately, Mrs. Maney experienced stinging in her legs, numbness, aching, shortness of breath and an aggravation of her sarcoidosis.
During the three to four weeks following the accident, her symptoms worsened. Mrs. Maney continued to experience an aggravation of her sarcoidosis, which was manifested by shortness of breath and the appearance of nodules on her legs. Dr. Weisler treated her for this condition on three occasions, the last being November 13, 1995. Dr. Weisler's records were introduced into evidence. In them, he opined that Mrs. Maney's sarcoidosis was aggravated by a severe emotional reaction to witnessing her husband's accident.
Mrs. Maney took the prednisone prescribed to her by Dr. Weisler for several months before she enjoyed any relief of her symptoms. She also suffered from frequent nightmares for a year and a half after the accident.
On September 18, 1995, Mrs. Maney filed the instant suit seeking damages for witnessing the accident in question. Specifically, Mrs. Maney contends that she had severe and debilitating mental anguish as a result of viewing the accident. The original trial was held on May 12, 1999. On June 15, 1999, the trial court found that Mrs. Maney's injuries were severe and debilitating, and awarded her general damages of $5,000.
On June 23, 1999, plaintiff filed a motion for new trial, which was subsequently granted. A second trial was held on October 6, 1999, at which time the trial court again found Mrs. Maney's injuries to be severe and debilitating, but increased her general damage award to $10,000.

DISCUSSION
Allstate avers that the trial court's ruling that Mrs. Maney's injuries were severe and debilitating is manifestly erroneous.
A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840 (La.1989). In Mart v. Hill, 505 So.2d 1120 (La.1987), the Louisiana Supreme Court posited a two-part test for the reversal of a factfinder's determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) The appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Id. at 1127 (quoting Arceneaux v. Domingue, 365 So.2d at 1333 (La.1978)).
This test dictates that the appellate court must do more than simply review the record for some evidence that supports or controverts the trial court's finding. Id. The appellate court must review the record *1139 in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous.
Nevertheless, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. See generally, Cosse v. Allen-Bradley Co., 601 So.2d 1349, 1351 (La.1992); Housley v. Cerise, 579 So.2d 973, 976 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La. 1990). Even though an appellate court may feel its own evaluations and inferences are more reasonable than those of the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). However, where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness's story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. Rosell, 549 So.2d at 844-45. Nonetheless, this court has emphasized that "the reviewing court must always keep in mind that `if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'" Housley v. Cerise, 579 So.2d 973, 976 (La.1991), (quoting Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990)).
Courts have recognized that "[t]he reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts." Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). Thus, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Id.
Louisiana Civil Code Article 2315.6, a codification of Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990), governs Mrs. Maney's claims. The article provides, in pertinent part:
A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:
(1) The spouse...of the injured person.
* * *
B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant's position to suffer serious mental anguish or emotional distress from the experience, and the claimant's mental anguish or emotional distress must be severe, debilitating and foreseeable. Damages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article.
It is foreseeable that Mrs. Maney, a woman who has enjoyed a close relationship with her husband for almost thirty years, would suffer emotional trauma from witnessing him being hit by a car. Her mental anguish was so severe that it aggravated her sarcoidosis and caused her to have nightmares for a year and a half. We find that her emotional distress was severe and debilitating. Therefore, it warrants an award of general damages.
The discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993) cert. denied, 510 U.S. 1114, *1140 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Id.
Only after an abuse of discretion is disclosed by an articulated analysis of the facts is an examination of prior awards in similar cases proper; an abusively low award is raised to the lowest amount the trier of fact could have reasonably awarded, while an abusively high award is reduced to the highest amount the trier of fact could have reasonably awarded. DeYoung v. Simons, 32-378 (La.App. 2 Cir. 10/27/99), 743 So.2d 851; Dixon v. Tillman, 29,483 (La.App. 2 Cir 5/7/97), 694 So.2d 585, writ denied, 97-1430 (La.9/19/97), 701 So.2d 174. The proper procedure for examining whether an award is excessive is to determine whether the amount can be supported under the interpretation of the evidence most favorable to the plaintiff that reasonably could have been made by the trier of fact. Manuel v. State Farm Mut. Auto. Co., 30,765 (La.App. 2 Cir. 8/19/98), 717 So.2d 277.
Employing the foregoing appellate standards, we find that the trial court did not abuse its discretion. In examining the case sub judice in a light most favorable to the plaintiff, we conclude that the record supports a finding that a wife suffering from mental anguish and emotional trauma that is manifested in nightmares and the aggravation of sarcoidosis, among other things, warrants an award of $10,000.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Joseph Maney also filed suit for his personal injuries. Mr. Maney's claims were settled prior to trial and are not the subject of this appeal.