925 So.2d 646 (2006)
Gay PARKER
v.
Stephanie ROBINSON, Colony Insurance Company, The Department of Public Safety and The Government Employees Insurance Company.
No. 2005-CA-0160.
Court of Appeal of Louisiana, Fourth Circuit.
February 22, 2006.
As Amended on Grant of Rehearing March 30, 2006.
*647 Darleen M. Jacobs, Al Ambrose Sarrat, Jacobs & Sarrat, New Orleans, LA, for Plaintiff/Appellant, Gay Parker.
Amos H. Davis and H. Alston Johnson III, Phelps Dunbar LLP, Baton Rouge, LA, for Colony Insurance Company and Mid-City Automotive Repairs LLC.
Trina T. Wilson, Masterson & Arostegui, New Orleans, LA, for Government Employees Insurance Company.
*648 (Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
This case involves an appeal of an award of damages in connection with an automobile accident. The trial court jury awarded special damages[1] to the plaintiff, Gay Parker, but did not award general damages.[2] Ms. Parker is appealing the trial court's judgment insofar as it failed to award general damages.

FACTS AND PROCEDURAL HISTORY
Ms. Parker was stopped in her car at a red light at the intersection of Napoleon Avenue and Clara Street in New Orleans when a car driven by Stephanie Robinson hit Ms. Parker's car from the rear. Ms. Parker did not report any injuries at the time of the accident and did not seek medical treatment even though the accident occurred on a street next to a hospital. The rear bumper of her car incurred minor damage, but, according to Ms. Robinson's testimony, the vehicle she was driving did not incur any visible damage.
The police officer who investigated the accident wrote on the accident report that Ms. Robinson was traveling at a speed of 35 miles per hour, which was the speed limit in the area. In her videotaped deposition, however, Ms. Robinson testified that her cell phone rang while she was stopped behind Ms. Parker's car. Ms. Robinson took her foot off of the brake momentarily when she reached for her cell phone to answer it. At that moment the car she was driving rolled forward and hit Ms. Parker's car, but Ms. Robinson stated that she did not have her foot on the gas pedal when the car rolled into Ms. Parker's vehicle. Ms. Robinson testified that she was traveling at a rate of one or two miles an hour at the time of impact. Ms. Robinson was issued a citation for traffic law violations.
The day after the accident Ms. Parker's shoulder, back, and neck were stiff and aching, and her hands and wrists felt numb. Ms. Parker testified that prior to the accident, she had not experienced pain and numbness in her hands and wrists.
Three days after the accident Ms. Parker saw her family physician in connection with pain, tingling, and numbness in her hands, a "pulling" sensation in her arms, swelling of her legs, pain in her back, and a burning sensation in her shoulders. When her symptoms persisted for almost a month, Ms. Parker consulted Wilmot Ploger, M.D., an orthopedic surgeon. Dr. Ploger ordered x-rays, and he prescribed medication and physical therapy for Ms. Parker. He also had Ms. Parker obtain an MRI[3] of her back and neck and an *649 EMG[4] of her arms and hands. Ms. Parker was diagnosed by Dr. Ploger with carpal tunnel syndrome, a disorder that causes numbness in the hand and pain in the wrist due to compression of a nerve that runs down the arm to the fingers. Dr. Ploger confirmed the diagnosis with an EMG. In Ms. Parker's case both of her hands and wrists were affected by carpal tunnel syndrome. Dr. Ploger also determined that the neck and back pain that Ms. Parker suffered after the accident with Ms. Robinson was probably the result of a herniated disk, a condition in which all or part of the gelatinous central portion of a cartilage disk that cushions the bones in the spine is forced through a weakened part of the disk, resulting in pain caused by nerve root irritation. Dr. Ploger diagnosed this condition from MRI studies. The MRI studies showed that Ms. Parker had a herniated disk in the cervical spine of her neck.
Ms. Parker had been involved in two automobile accidents prior to the accident with Ms. Robinson. In one of those earlier accidents Ms. Parker suffered a herniated disk, but it was asymptomatic at the time of the accident with Ms. Robinson. Therefore, Dr. Ploger testified that it was his opinion that Ms. Parker's recurrence of pain after the accident with Ms. Robinson was the result of the accident causing an existing herniated disk that had become asymptomatic to become symptomatic.
At the trial Dr. Ploger testified that Ms. Parker's bilateral carpal tunnel syndrome was more probably than not related to the accident. He also testified that the neck and back pain experienced by Ms. Parker were more probably than not a result of the injuries she received in the accident. Finally, Dr. Ploger testified that he had recommended that Ms. Parker undergo surgery to correct the bilateral carpal tunnel syndrome.
At the trial the defendants, Mid-City Automotive Repairs, LLC ("Mid-City"), Colony Insurance Company ("Colony"), and the Government Employees Insurance Company ("GEICO"), contended that Ms. Parker's carpal tunnel syndrome existed prior to her accident with Ms. Robinson. Mid-City, Colony, and GEICO called S. Daniel Seltzer, M.D., an orthopedic surgeon, to testify at the trial. Dr. Seltzer had treated Ms. Parker for injuries that she sustained in one of the prior automobile accidents in which she was involved. Dr. Seltzer testified that he had not diagnosed Ms. Parker with carpal tunnel syndrome and that at the time he treated her, her symptoms were not consistent with that condition. He further admitted that carpal tunnel syndrome can be caused by an injury such as the one Ms. Parker contended that she suffered when she grabbed the steering wheel of her car after the car driven by Ms. Robinson hit her car from the rear.
Gregor Hoffman, M.D., an orthopedic surgeon, testified at the trial on behalf of the defendants. He opined that Ms. Parker's job, which involved working with a computer for approximately half of her workday each day, was the probable cause of the carpal tunnel syndrome that afflicted her. He also opined that her back pain was probably caused by degenerative disk disease rather than by the effects of the accident.
Ms. Parker originally sued several parties, including (1) Stephanie Robinson, (2) her insurer, State Farm Insurance Company, *650 (3) Mid-City, the owner of the car driven by Ms. Robinson[5], (4) Colony, the insurer of Mid-City and the excess insurer of Ms. Robinson, and (5) GEICO, Ms. Parker's uninsured motorist carrier. Prior to the trial, Ms. Robinson and State Farm settled with Ms. Parker for $25,000 plus interest, and they were dismissed from the case.
After Ms. Parker presented her case at the trial, Mid-City was granted a directed verdict on three issues: (1) the claim that Mid-City had negligently entrusted its car to Ms. Robinson, who had been in several automobile accidents and had received several speeding tickets; (2) the claim that there was a mechanical defect in the car loaned to Ms. Robinson; and (3) the claim for future lost income capacity. The trial court judge found that Ms. Parker had not proven these claims. After the defendants had presented their case, the trial court judge found that Ms. Robinson's negligence caused the accident with Ms. Parker. None of these verdicts was appealed.
The jury rendered a unanimous verdict in favor of Ms. Parker. The jury found that Ms. Parker sustained injuries that were caused or aggravated by the accident with Ms. Robinson. The jury also found that Ms. Parker should receive a total amount of $30,881.00, including $5,381.00 for past medical expenses, $20,000.00 for future medical expenses, $500.00 for past lost wages, and $5,000.00 for future lost wages. The jury further determined that Ms. Parker was not entitled to damages for past or future pain and suffering or for permanent residual disability. The trial court judge entered a judgment in favor of Ms. Parker and against Colony in the total amount of $30,881.00 as set forth in the jury verdict. The trial court judgment also granted Colony a credit in the amount of $25,000.00 against the $30,881.00 judgment, because State Farm had already paid Ms. Parker $25,000.00 plus interest prior to the trial as part of the settlement Ms. Parker reached with Ms. Robinson and her insurer, State Farm. Because the judgment in favor of Ms. Parker did not exceed the policy limits of the Colony policy, Ms. Parker's uninsured motorist carrier, GEICO, was dismissed from the suit with prejudice. Finally, Mid City was also dismissed from the suit with prejudice pursuant to the directed verdict that had been granted in its favor.
Both Ms. Parker and Colony have appealed the trial court judgment. Ms. Parker has appealed the amount of her award. Colony has appealed the amount of the credit granted to it in connection with the settlement with State Farm and Ms. Robinson.

DISCUSSION
Ms. Parker has urged a single assignment of error on appeal. Likewise, Colony has urged a single assignment of error. Ms. Parker contends that she should have been awarded general damages in light of the fact that the jury found that the carpal tunnel syndrome and the neck and back pain from which she suffered were caused by Ms. Robinson's negligence. Colony contends that the judgment against it should have been credited with not only the $25,000.00 settlement amount that was paid to Ms. Parker by State Farm pursuant to a settlement agreement but also the amount of interest that was paid by State Farm.

Assignment of Error by Ms. Parker
The jury erred in failing to award the plaintiff an amount for past and future *651 pain and suffering, and past mental anguish, despite awarding her amounts for past medical expenses and future medical expenses, and despite the uncontroverted testimony of the plaintiff and her treating physicians, which provided evidence of such damage.
Ms. Parker asserts that she should have been awarded general damages, because she was awarded special damages. She argues that the failure to award general damages where special damages are awarded constitutes an abuse of discretion on the part of the jury and the trial court. Ms. Parker argues that "[i]t is a well-settled rule that a jury cannot award special damages for personal injuries and refuse to award any amount in general damages where the injuries present objective symptoms." Colony and Mid-City alternatively argue that in Wainwright v. Fontenot, XXXX-XXXX, (La.10/17/00), 774 So.2d 70, the Louisiana Supreme Court rejected the rule cited by Ms. Parker. We find that neither of these arguments is completely accurate.
The Wainwright case involved a young boy, who suffered from post traumatic stress syndrome. He was prescribed five milligrams of the antidepressant drug Prozac to be taken once daily. The pharmacist who filled the prescription put incorrect dosing instructions on the prescription label. Therefore, instead of taking the prescribed five milligrams of Prozac a day, the boy took an adult dosage of twenty milligrams a day. After the boy had taken three incorrect doses of Prozac, he had become violent and irrational. His doctor was contacted, the incorrect dosage instructions were discovered, and the boy was hospitalized overnight for observation and testing. While he was hospitalized, the boy was alert, attentive, and calm. The boy's parents sued the pharmacist, and after a jury trial, the jury awarded $15,000.00 in medical expenses. The jury did not award general damages, however. The Supreme Court in Wainwright upheld the jury verdict and said that the jury could have reasonably concluded that placing the boy in the hospital was "a reasonable precaution for prudent parents to take" after learning of their son's overdose, that his irrational and violent behavior was caused by something other than the Prozac, and that the only adverse effect on the boy from the Prozac overdose was the one-night hospital stay.XXXX-XXXX, pp. 10-11, 774 So.2d at 77.
The Supreme Court concluded in Wainwright that "a verdict awarding medical expenses yet denying general damages is not per se invalid." XXXX-XXXX, p. 9, 774 So.2d at 76. The Supreme Court in Wainwright was addressing for the first time a situation in which the jury had found that the defendant was legally at fault for the plaintiff's injuries and was liable to the plaintiff for medial expenses incurred by the plaintiff but had declined to award the plaintiff any general damages for pain and suffering. XXXX-XXXX, p. 6, 774 So.2d at 74. The Supreme Court did "not dispute that, as a general proposition, a jury verdict such as the one currently before us may be illogical or inconsistent." XXXX-XXXX, p. 8, 774 So.2d at 76. The Supreme Court, however, found that in certain cases "a jury, in the exercise of its discretion as a factfinder, can reasonably reach the conclusion that a plaintiff has proven his entitlement to recovery of certain medical costs, yet failed to prove that he endured compensable pain and suffering as a result of the defendant's fault." Id. The Supreme Court then cited as an example of such a situation a case in which a plaintiff sustained no injuries in an automobile collision. The plaintiff was awarded special damages for medical expenses but no general damages. The Supreme Court said that this did not constitute an abuse of the *652 jury's discretion, because the jury could have concluded that even though the plaintiff suffered no injuries in the accident, the plaintiff was justified in incurring expenses for a medical examination following the accident to determine if any injuries did, in fact, exist.
In Wainwright, the Supreme Court found that an appellate court reviewing a verdict that awards special damages but no general damages "must ask whether the jury's determination that plaintiff is entitled to certain medical expenses but not to general damages is so inconsistent as to constitute an abuse of discretion." Id. Only if the appellate court "determines that the factfinder has abused its much discretion can that court conduct a de novo review of the record." XXXX-XXXXX, p. 9, 774 So.2d at 76. Therefore, the standard of review we are to apply in the instant case is whether the trial court judge and jury abused their discretion by awarding only special damages.
In Green v. K-Mart Corp., 2003-2495 (La.5/25/04), 874 So.2d 838, the Louisiana Supreme Court was again faced with a jury verdict awarding a plaintiff special damages but no general damages. The Supreme Court stated as follows regarding the jury verdict:
Here, the court of appeal correctly determined that the jury abused its discretion in failing to award general damages while awarding a substantial amount for past and future medical expenses. In this case, the jury determined that plaintiff suffered injuries causally related to the accident which required medical attention, and is still suffering an injury that will, in fact, require medical attention in the future. Failing to make a general damage award in such circumstances was an abuse of discretion.

2003-2495, p. 8, 874 So.2d at 844 (emphasis added).
In the instant case the jury obviously determined that Ms. Parker suffered injuries causally related to the accident with Ms. Robinson, that the injuries required medical attention, and that Ms. Parker was still suffering from carpal tunnel syndrome, which would require surgery in the future. Therefore, as in the Green case, the failure of the jury in the instant case to award general damages constituted an abuse of discretion. Therefore, as required by the Wainwright case, we are required to conduct a de novo review of the record.
Our review of the record confirms that as a result of the accident with Ms. Robinson, Ms. Parker suffered neck and back pain because aggravation of a preexisting herniated cervical disk caused that condition to become symptomatic. Additionally, the record supports a finding that Ms. Parker suffered from pain and numbness in both of her wrists and hands as a direct result of the accident. None of the physicians who testified disputed that bilateral carpal tunnel syndrome was a debilitating and painful condition, and Ms. Parker testified that she personally suffered from pain and numbness. Ms. Parker also testified that as a result of the accident she suffered pain in her neck and back. Additionally, Dr. Ploger testified that Ms. Parker suffered from a small percentage of permanent disability from her injuries, and this testimony was uncontradicted.
Nevertheless, there was no testimony from Ms. Parker that she could no longer perform activities that she had performed prior to the accident. Ms. Parker did, however, testify that she took an Extra Strength Tylenol on a daily basis for her pain. There was also some evidence, based on Ms. Parker's testimony, that she *653 suffered some mental anguish due to her injuries because of her concerns about being absent from work as a result of the injuries suffered in the accident. Based on our de novo review of the record, we find that an award of general damages in the instant case is required.
In Rogers v. State, Through Department of Transportation and Development, XXXX-XXXX (La.App. 4 Cir. 3/7/02), 813 So.2d 495, this Court discussed the amount of damages that an appellate court can award after that court finds that there has been an abuse of discretion by the trial court. This Court stated that "[a]fter it has been determined that there has been an abuse of discretion, the appellate court can increase the amount of the award to the lowest reasonable amount within the discretion of the trier of fact." XXXX-XXXX, p. 10, 813 So.2d at 504. The ruling in Rogers comports with the Louisiana Supreme Court's statement in Powell v. Regional Transit Authority, 96-0715 (La.6/18/97), 695 So.2d 1326, 1332 n. 10 that "the award [of damages], if abusive of discretion, is not disregarded, but rather is reduced to the highest amount or raised to the lowest amount within the reasonable range of discretion." If the appellate court determines that the trial court abused its discretion in making or withholding an award for general damages, only then may the appellate court "refer to prior awards in similar cases and then only to determine the highest or lowest point of an award within that discretion." Andrus v. State Farm Mutual Automobile Insurance Co., 95-0801 (La.3/22/96), 670 So.2d 1206, 1210.
We have reviewed a number of similar cases in which awards of general damages have been made in connection with injuries resulting in carpal tunnel syndrome and pain from herniated disks. The amounts of general damages that have been awarded in these cases range from a high of $175,000.00 to a low of $25,000.00. In Scamardo v. New Orleans Stevedoring Co., 595 So.2d 1242 (La.App. 4th Cir.1992), a plaintiff was awarded $175,000.00 in general damages for injuries that included fractured ribs, chest trauma, aggravation to pre-existing degenerative changes in his lumbar spine, generalized anxiety disorder, and bilateral carpal tunnel problems. In the Scarmardo case, the plaintiff was able to work only four hours a day in a very limited capacity as a result of his injuries. In Wheelis v. CGU Insurance, 35,230 (La. App. 2 Cir. 12/7/01), 803 So.2d 365, a plaintiff was awarded general damages of $25,000.00 for pain and suffering that lasted approximately fourteen months as a result of injuries that included a broken wrist that resulted in carpal tunnel syndrome.
In several of the cases we reviewed, general damages awards between $35,000.00 and $45,000.00 were given to plaintiffs who suffered from carpal tunnel syndrome. In Trunk v. Medical Center of Louisiana at New Orleans, XXXX-XXXX (La.10/19/04), 885 So.2d 534, the Louisiana Supreme Court reinstated a jury verdict awarding $35,000.00 in general damages to a plaintiff who suffered from ligament injuries to her left wrist that required surgery and from carpal tunnel syndrome. Her injury had occurred over six years prior to the trial, and she still suffered from pain in her wrist at the time of the trial. In Elliott v. Robinson, 612 So.2d 996 (La.App. 2d Cir.1993), a plaintiff was awarded general damages of $40,000.00 in a malpractice action that she brought in connection with carpal tunnel surgery that she had undergone. As a result of the surgery, the plaintiff suffered from damage to the median nerve, which is the nerve affected by carpal tunnel syndrome, and she also had a permanent 30% disability in her left *654 thumb. She was awarded $40,000.00 in general damages for the pain she suffered as a result of the nerve damage and disability. In another case that we reviewed, Williams v. Finley, Inc., XXXX-XXXX (La.App. 3 Cir. 4/6/05), 900 So.2d 1040, the plaintiff was awarded general damages in the amount of $45,000.00 for headache, back pain, carpal tunnel syndrome, and several other conditions that he suffered as a result of a fall. The plaintiff in the Williams case was unable to participate in several activities that he had enjoyed prior to his fall, his decreased mobility and pain affected his mood, and he was unable to engage in intimate relations with his wife.
Based on our review of these cases, we have determined that the lowest reasonable amount that can be awarded in the instant case is $60,000.00 for general damages in connection with Ms. Parker's bilateral carpal tunnel syndrome and the aggravation to her pre-existing herniated disk that occurred as a result of the accident. Therefore, we award a total amount of $60,000.00 in general damages to Ms. Parker.

Assignment of Error by Colony
The trial judge erred in failing to make it clear that the proper amount of the credit in favor of Colony Insurance Company against the judgment rendered in favor of plaintiff should be $29,921.49 rather than $25,000.00.
The judgment in this case contains the following language:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Gay Parker, and against Colony Insurance Company in the principal sum of THIRTY THOUSAND EIGHT HUNDRED EIGHTY-ONE ($30,881.00) DOLLARS, subject to a credit for the sum of $25,000, previously paid by Stephanie Robinson and State Farm Mutual Automobile Insurance Company, together with legal interest thereon from the date of suit until paid.
Colony contends that the language is unclear and that the phrase "together with legal interest thereon from the date of suit until paid" modifies the phrase "the sum of $25,000." Alternatively, Ms. Parker asserts that the phrase "together with legal interest thereon from the date of suit until paid" refers to the phrase "the principal sum of THIRTY THOUSAND EIGHT HUNDRED EIGHTY-ONE ($30,881.00) DOLLARS." We agree with Ms. Parker.
It is clear to us that the interest to which the judgment refers is interest on the principal sum of $30,881.00 rather than to interest on the amount of the credit for insurance that has been previously paid. The amount of insurance owed by State Farm was the $25,000.00 settlement amount, and the amount of insurance owed by Colony is the total principal amount of the judgment less the $25,000.00 in insurance previously paid. State Farm and Colony are both liable to Ms. Parker for interest on the amount of insurance owed by them. State Farm has paid interest on the $25,000.00 insurance payment that it owed, and Colony is responsible for paying interest on the amount of insurance that it owes.

DECREE
Based on the foregoing discussion, we hereby affirm the trial court judgment with respect to the award of special damages in the principal amount of $30,881.00, we hereby reverse the trial court judgment insofar as the judgment fails to award general damages to Ms. Parker, and we hereby amend the trial court judgment to provide that Ms. Parker is awarded a total of $60,000.00 in general damages. *655 The general damages are being awarded in connection with both the bilateral carpal tunnel syndrome and the aggravation of her pre-existing herniated disk that occurred as a result of the accident with Ms. Robinson.
Judgment is hereby rendered against Colony and in favor of Ms. Parker in the total principal amount of $65,881.00 plus interest as provided by law. This total principal amount includes a credit in favor of Colony for the $25,000.00 insurance payment previously made by State Farm.
AFFIRMED IN PART; REVERSED IN PART; AMENDED IN PART; AND RENDERED AS AMENDED.
NOTES
[1] Special damages are those that must be specially pled or that can be determined with relative certainty, and they include such things as the medical expenses a plaintiff has incurred. Wainwright v. Fontenot, XXXX-XXXX, pp. 5-6 (La.10/17/00), 774 So.2d 70, 74.
[2] General damages are those damages that are inherently speculative in nature and cannot be fixed with mathematical certainty. Id. This Court has defined general damages as damages that "involve physical and mental pain and suffering, inconvenience, loss of intellectual gratification or physical enjoyment, and other factors that affect the victim's life." Coleman v. Deno, 99-2998, p. 6 (La.App. 4 Cir. 11/6/02), 832 So.2d 1016, 1021, writ denied, XXXX-XXXX, 853 So.2d 635, XXXX-XXXX, 853 So.2d 635, and XXXX-XXXX (La.9/13/03), 853 So.2d 635.
[3] MRI is an acronym for magnetic resonance imaging, which is a procedure in which a magnet linked to a computer is used to create detailed images of areas inside the body.
[4] EMG is an acronym for electromyography, which is a test that assesses the health of the muscles and the nerves controlling the muscles. EMG is an objective test that can be used to confirm a diagnosis of carpal tunnel syndrome, which Ms. Parker asserts was caused in her case by the automobile accident involving Ms. Robinson.
[5] The car driven by Ms. Robinson was loaned to her by Mid-City while her own car was being repaired or serviced by Mid-City.