TERRI F. LOVE, Judge.
 

 | iPIaintiffAppellant, Cynthia Reeves, alleges that she was walking her dog in New Orleans, Louisiana and was attacked by George Grove’s dogs. George Grove, Ap-pellee, stipulated to liability.
 

 Plaintiffs damages were tried by a jury, which awarded her $83,500.00, and Plaintiff appeals.
 

 Appellant maintains that the jury award is so low as to shock the conscience. Appellant contends that the trial judge improperly admitted evidence of monies received during prior litigation and a surveillance video. Appellant also argues that the trial court erred in not allowing Appellant to call a defense witness as an adverse witness in Appellant’s case in chief.
 

 We find that the trial court properly considered the law and evidence in making evidentiary rulings. We further find that the jury considered countervailing evidence in its determination of damages, for which we find a basis. We affirm the trial court’s rulings and the jury’s award.
 

 REACTS AND PROCEDURAL BACKGROUND
 

 Plaintiff/Appellant, Cynthia Reeves, alleges that she was walking her dog in New Orleans, Louisiana, and as she crossed the street, she was attacked by unrestrained German Sheppard dogs that were owned by Defendant/Appellant, George Grove. Appellant maintains that during this attack, she was knocked to the ground by the dogs and landed on her left shoulder. Appellant alleges that the fall resulted in her left shoulder impacting the left side of her face, which caused her lower jaw to move forward and her lower teeth to traumatically contact an incisor, fracturing the tooth. Appellant further alleges that she suffered dental structure, orthopedic, and psychological injuries and that her dog was severely wounded.
 

 Appellee stipulated 100% liability for Appellant’s injuries that were brought about by the actions of his dogs. Appellee further stipulated that if the court awarded damages to Appellant, Appellee and his insurer are fully responsible for damages, subject to a credit for any amounts paid toward damages and veterinary bills prior to the stipulation of liability.
 

 A trial was conducted to determine the quantum of Appellant’s damages, and the jury’s award was comprised of the following: $3,500.00 for past damages and medical and dental expenses; $25,000.00 for future medical and dental expenses; $10,000.00 for past and future medical and dental disability; $30,000 for past and future physical pain and suffering; and $15,000.00 for past and future Rmental pain and suffering. The jury did not
 
 *1013
 
 award Ms. Reeves any amount for loss of enjoyment of life. Ms. Reeves appeals.
 
 [1]
 

 STANDARD OF REVIEW
 

 In reviewing a damages award, an appellate court must look at the individual circumstances of that case first.
 
 Riley v. Salley,
 
 03-1601, p. 6 (La.App. 4 Cir. 4/21/04), 874 So.2d 874, 878. Only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury of the particular plaintiff under the particular circumstances, should the appellate court increase or reduce the award.
 
 Youn v. Maritime Overseas Corp.,
 
 623 So.2d 1257, 1261 (La.1993).
 

 Moreover, an examination of pri- or awards in similar cases is only proper after an abuse of discretion has been disclosed by an articulated analysis of the facts.
 
 Maney v. Evans,
 
 00-0798, p. 5 (La.App. 4 Cir. 2/14/01), 780 So.2d 1136, 1140. An abusively low award is raised to the lowest amount the trier of fact could have reasonably awarded, while an abusively high award is reduced to the highest amount the trier of fact could have reasonably awarded.
 
 Id.
 
 The proper procedure for examining whether an award is excessive is to determine whether the amount can be supported under the interpretation of the evidence, most favorable to the plaintiff, which reasonably could have been made by the trier of fact.
 
 Id.
 

 QUANTUM OF DAMAGES
 

 Ms. Reeves argues that she was awarded an impermissibly low amount for damages although she set forth proof substantiating her claims. Ms. Reeves argues |4that her total award amount is so inadequate that it shocks the conscience and constitutes an abuse of the jury’s discretion.
 

 “General damages” are those damages that are inherently speculative in nature and cannot be fixed with mathematical certainty, including pain and suffering.
 
 Parker v. Robinson,
 
 05-0160, p. 1 n. 2 (La.App. 4 Cir. 2/22/06), 925 So.2d 646, 648;
 
 Moody v. Blanchard Place Apartments,
 
 34,587, pp. 27-28 (La.App. 2 Cir. 6/20/01), 793 So.2d 281, 297. When damages are not susceptible to precise measurement, much discretion shall be left to the court for the reasonable assessment of these damages. La. C.C. art. 1999. In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury.
 
 Id.;
 
 La. C.C. art. 2324.1. This discretion is great, even vast, and an appellate court should rarely disturb an award of general damages.
 
 Youn v. Maritime Overseas Corp.,
 
 623 So.2d 1257, 1261 (La.1993).
 

 In
 
 Guillory v. Lee,
 
 09-0075, p. 14 (La.6/26/09), 16 So.3d 1104, 1116, the Court reiterated the long-held tenet that a jury has “great discretion” in assessing damages and that a jury’s assessment of damages is “a determination of fact” which is “entitled to great deference on review.” Accordingly, when reviewing general damage awards, our role is to review the trier of fact’s exercise of discretion, not to decide what we consider to be an appropriate award.
 
 Youn,
 
 623 So.2d at 1260. If there is no clear abuse of discretion in the jury’s awards, the awards must stand.
 
 Coco v. Winston Indus., Inc.,
 
 341 So.2d 332, 335 (La.1976).
 

 
 *1014
 
 The jury awarded Ms. Reeves $83,500 in total damages, and $25,000 of that amount was for future medical and dental expenses. Ms. Reeves, however, maintains that the jury did not award her an amount for the value of future dental procedures.
 

 [flMs. Reeves contends that she proved that she had a major tooth fracture that would require oral surgery for an implant. She avers that she entered evidence of past dental expenses incurred and offered testimony from three dentists, which indicated that dental procedures in the approximate amount of $25,000 were necessitated by this incident.
 

 Ms. Reeves testified that she had preexisting problems with the tooth she fractured as a result of the incident. Dr. Myron Sheen, Ms. Reeves’s general dentist, offered expert testimony regarding Ms. Reeves’ dental injury; Dr. Sheen testified that the tooth had been compromised prior to the accident and a dental implant was recommended years before the accident. The testimony of Dr. John Schwartz, a general dentist with expertise in fractures and a master ceramicist, also reflected that the tooth was compromised prior to the accident and that he recommended an implant years prior. Dr. Schwartz opined that if Ms. Reeves had an implant prior to the incident, the post-accident implant would not be necessary.
 

 Dr. Bradley Gottsegen’s testimony challenged the causal link between the incident and the need for future oral surgery. Also, Dr. Kimberly Meng, an oral surgeon, testified that there was a loss of bone in the tooth years prior to the incident and that some of the future oral surgery may not be necessary.
 

 As to her left shoulder injury and the need for surgery in the future, Ms. Reeves offered the testimony of Dr. Bernard Ma-nale, an orthopedic physician and professor at Tulane University, who treated her prior to the incident. Dr. Manale testified that Ms. Reeves suffered a tear in her rotator cuff, but he could not offer an opinion as to whether the rotator cuff tear occurred prior to the incident with the dogs. Dr. Manale opined that Ms. Reeves will not ever fully recover given her age and a pre-existing deteriorative condition.
 

 IfiMs. Reeves’ own testimony reflected that she had complaints of shoulder issues that arose from two accidents, one in 2004 and another in 2008. Further, Dr. James Butler, a defense expert, opined that based on a 2007 MRI, the tear in Ms. Reeves’ rotator cuff may have occurred prior to the dog attack.
 

 Ms. Reeves testified before the jury, and the jury was able to consider her testimony in light of the expert testimony of several doctors at trial, who offered varying opinions on causation and aggravation of pre-existing conditions. The jury weighed the conflicting evidence and awarded Ms. Reeves $25,000 in future medical and dental expenses. We find a basis for this award and find no abuse in the jury’s award.
 

 Where two permissible views of evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989);
 
 Stobart v. State Through Dept. of Transp. & Dev.,
 
 617 So.2d 880, 882 (La.1993). As the fact finder’s future medical expenses award was not manifestly erroneous, we decline to disturb it. See
 
 Logan v. Brink’s Inc.,
 
 09-0001, p. 15 (La.App. 4 Cir. 7/1/09), 16 So.3d 530, 542. Considering the foregoing, we find no merit in Ms. Reeves’ claim that the award for future medical expenses was not supported by the record. The damage award is within the range that a reasonable trier of fact could assess
 
 *1015
 
 for the effects of the particular injury of the particular plaintiff under the particular circumstances
 

 ADMISSION OF MEDICAL RECORDS
 

 Ms. Reeves argues that the trial court committed reversible error in refusing to admit medical records from Dr. Felix Savoie, III, who examined Ms. Reeves for the first time a few days prior to trial without notice to Appellee.
 

 |7A trial court is afforded great discretion concerning the admission of evidence at trial, and its decision to admit or exclude evidence may not be reversed on appeal in the absence of an abuse of that discretion.
 
 Miller v. Southern Baptist Hosp.,
 
 00-1352, p. 15 (La.App. 4 Cir. 11/21/01), 806 So.2d 10, 21.
 

 A few days before trial, counsel for Ms. Reeves submitted medical records from Dr. Savoie about an examination that occurred a few days prior. Dr. Savoie, an orthopedic surgeon and professor at Tulane University, indicated that Ms. Reeves’ torn rotator cuff is permanent and will not fully improve and opined that a $35,000.00 surgery is necessary in order to improve the shoulder.
 

 Defense counsel responded to the receipt of Dr. Savoie’s record by filing a motion in limine. The trial judge did not allow the admittance of Dr. Savoie’s record regarding the need for this surgery as Ms. Reeves’ visit with Dr. Savoie occurred on the eve of trial. Thus, the issue of Ms. Reeves’ damages for a future surgical cost of $35,000.00 was not presented to the jury for consideration. However, the record reflects that the trial judge gave Appellant an opportunity to continue the matter to allow for appropriate discovery, which was rejected. We find no abuse of discretion of the trial judge’s exclusion.
 

 ADMISSION OF PRIOR LITIGATION AWARD INFORMATION
 

 Ms. Reeves argues that the jury improperly considered her wealth or lack of abject poverty as part of their damage calculations. Despite her motion in limine and objections, the trial judge allowed Appellee to enter evidence of checks reflecting the proceeds that Ms. Reeves received from proceedings in another court concerning spinal injuries. Ms. Reeves argues that the trial court committed reversible error in allowing the introduction of this information, which was used to |simpeach Appellant’s claim that she did not have sufficient funds to pay for necessary dental treatment.
 

 Generally, evidence of a compromise or offer to compromise is inadmissible insofar as it may tend to establish liability. See La. C.E. arts. 408 and 413;
 
 Belanger v. Employers Mutual Liability Ins. Co.,
 
 159 So.2d 500, 508 (La.App. 1st Cir.1963),
 
 writ denied,
 
 245 La. 949, 162 So.2d 8 (1964). “However, although generally inadmissible to prove liability, compromises may be admissible for other purposes.” See La. C.E. art. 408(A);
 
 Broussard v. State Farm Mut. Auto. Ins. Co.,
 
 188 So.2d 111, 121 (La.App. 3rd Cir.),
 
 writ denied,
 
 249 La. 713, 190 So.2d 233 (1966),
 
 cert. denied,
 
 386 U.S. 909, 87 S.Ct. 855, 17 L.Ed.2d 783 (1967);
 
 Launey v. Thomas,
 
 379 So.2d 27, 30 (La.App. 3rd Cir.1979),
 
 writ denied,
 
 381 So.2d 1233 (La.1980). In
 
 Belanger,
 
 the court allowed evidence of settlement agreements because it was “of probative value in determining the veracity” of the plaintiffs testimony at trial.
 
 Belanger,
 
 159 So.2d at 508.
 

 The trial court admitted the information for impeachment purposes in that Ms. Reeves’ testimony raised issues with regard to her veracity and credibility.
 

 
 *1016
 
 At trial, when questioned as to why she did not undergo the tooth implant surgery, Ms. Reeves testified that she could not afford it. Thereafter, the trial court allowed the introduction of evidence of funds received by Ms. Reeves during the time frame of her treatment. We find that the information properly admitted as an aid in the jury’s determination of the plaintiffs credibility and veracity.
 

 We find no abuse of the trial judge’s discretion in allowing questioning regarding prior awards.
 

 USE OF SURVEILLANCE VIDEO TO IMPEACH CLAIMS
 

 |9Ms. Reeves argues that the trial court improperly admitted a surveillance video to impeach her claims that she was unable to perform certain physical activities. Ms. Reeves claims that the surveillance video substantially prejudiced the jury.
 
 [2]
 
 Ms. Reeves avers that the video did not help the jury clarify Ms. Reeves’ need for oral surgery, long-term psychiatric treatment, and she maintains that a depiction of her raised arm “does not un-tear her rotator cuff, thereby eliminating the need for expensive surgery.”
 

 “The determination of whether motion pictures or video tapes are admissible is largely within the discretion of the trial court.”
 
 Lafleur v. John Deere Co.,
 
 491 So.2d 624, 632 (La.1986);
 
 Olivier v. LeJeune,
 
 95-0053, p. 10 (La.2/28/96), 668 So.2d 347, 351.
 

 Ms. Reeves testified that in her treatment Dr. Manale restricted her lifting and repetitive use of her arms above the level of her shoulder. Ms. Reeves also testified that she would rarely lift her arm above her shoulder while using her dog’s leash due to the pain.
 

 We find that the surveillance videotape was admissible for impeachment purposes given plaintiffs testimony that she was unable to perform some physical activities. Thus, we are unable to say that it is so inflammatory that any probative value is outweighed by the danger of unfair prejudice. Thus, we find no abuse of discretion by the trial court in admitting the videotape into evidence.
 

 DENIAL OF REQUEST TO CALL WITNESS IN CASE-IN-CHIEF
 

 |10Ms. Reeves argues that the trial court committed reversible error in denying her request to call Beverly Howze, a psychologist for the defense, as an adverse witness in her case-in-chief.
 

 Ms. Reeves alleged that she will require some amount of assistance from mental healthcare professionals for the rest of her life. Ms. Reeves offered the testimony of Dr. Scot Griffles, a psychiatrist and former professor of clinical psychiatry at Louisiana State University. Ms. Reeves avers that she is a cancer survivor, and Dr. Griffles has extensive experience in the interface between cancer, head/neck/throat problems, and mental illness. Dr. Griffles testified that Ms. Reeves will require monthly visits to a psychotherapist for the remainder of her life to combat a form of Post Traumatic Stress Disorder (“PTSD”), which manifested since the attack. Defendant rebutted this testimony with that of a psychologist, Beverly Howze, who saw Ms. Reeves on one occasion.
 

 Ms. Reeves maintains that because the trial judge did not allow Ms. Reeves to call Beverly Howze as an adverse witness, the jury did not award Ms. Reeves an amount for future psychological damage. The rec
 
 *1017
 
 ord is unclear as to the trial court’s ruling as to the denial of a request made by Ms. Reeves to call Beverly Howze as an adverse witness. Nevertheless, counsel for Ms. Reeves had an opportunity to cross-examine the witness. See La. C.E. art. 607. Thus, if any error resulted from the trial judge’s ruling, it was harmless error. We find no basis for Ms. Reeves’ argument that the trial court committed reversible error.
 

 DECREE
 

 We find no evidence in the record that the trial court abused its discretion. We further find that the trial court properly considered the law and evidence in | nmaking evidentiary rulings, and the jury considered countervailing evidence in its determination of damages, for which we find a basis. We affirm the jury’s award.
 

 AFFIRMED
 

 [1]
 

 . Appellant filed a Motion to Provide Additional Information to the Panel. We grant Appellant's motion.
 

 [2]
 

 . The surveillance video was not provided to this Court on appeal. However, Ms. Reeves states that the video depicted her walking her dog and raising her arm.