SANDRA CABRINA JENKINS, Judge.
_JjThis is a personal injury action arising out of a motor vehicle accident. Defendants appeal the trial court’s judgment in favor of plaintiff, awarding $83,761 in damages. For the reasons discussed below, we affirm the judgment.
FACTUAL AND PROCEDURAL BACKGROUND
On January 29, 2009, plaintiff, Venus Williams, filed suit against Daniel Mathieu and State Farm Mutual Automobile Insurance Co., Mathieu’s insurance carrier, in order to recover damages for injuries she sustained in a rear-end automobile accident which occurred on March 5, 2008. *57 Following a bench trial, the trial court rendered judgment in favor of plaintiff and awarded $65,000 -in general damages and $18,761 for past medical specials. •
Defendants have filed this appeal asserting the trial court erred in: (1) awarding damages to plaintiff because plaintiff failed to satisfy her burden of proving that her injuries were caused by the automobile accident at issue; and (2) its award of general damages and past medical specials.
| .DISCUSSION

Causation

In their first assignment of error, defendants maintain the trial court erred in finding that plaintiffs injuries were caused by the accident at issue because the accident resulted in relatively little damage to the vehicles involved and the medical history proves plaintiffs injuries preexisted the accident. Additionally, defendants argue that the medical testimony offered at trial did not prove a causal relationship between the accident and plaintiffs injuries.
In a personal injury action, plaintiff bears the burden of proving a causative link between the resulting injury and the accident at issue. Woolfolk v. Trism, Inc., 07-0749, p. 3 (La.App. 4 Cir. 1/16/08), 976 So.2d 216, 220 (citing Maranto v. Goodyear Tire & Rubber Co., 94-2603, p. 3 (La.2/20/95), 650 So.2d 757, 759). The standard for determining the causal relationship is whether plaintiff proved “by a preponderance of the evidence through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident.” Ducombs v. Nobel Ins. Co., 03-1704, pp. 7-8 (La.App. 4 Cir. 7/21/04), 884 So.2d 596, 601 (citing Maranto, 94-2603, p. 3, 650 So.2d at 759).
Plaintiff testified at trial that she started feeling pain the day after the accident but did not seek medical attention immediately as she “just endured it until [she] couldn’t anymore.” At trial, plaintiff introduced the testimony of several medical doctors with whom she sought treatment, including her chiropractor, Dr. Celine Lemieux.[1] Dr. Lemieux testified that she saw plaintiff on June 12, 2008, as a result of injuries plaintiff sustained in a March 5, 2008 car accident. Dr. Lemieux | .testified that plaintiffs complaints included “lower back pain, weakness in the leg, excessive thirst, poor circulation, lower back pain, leg pain, numbness in the feet, foot pain and leg cramps.” Dr. Lemieux stated that she performed a number of tests at this initial visit which revealed objective signs of injuries.
Dr. Lemieux continued to treat plaintiff for her injuries for several years with chiropractic manipulation. Dr. Lemieux testified that because plaintiff was not responding- as Dr. Lemieux expected, she recommended plaintiff for a magnetic resonance imaging (“MRI”) scan which revealed herniated discs at C3-4 and C5-6, a bulge at C6-7, and a bulging disc at L5-Sl; Dr. Lemieux then modified plaintiffs treatment, in accordance with the MRI’s findings, to a low-force technique and added cervical traction. At trial, Dr. Lemieux testified that plaintiff had not been discharged as she was still receiving treatment two to four times per month. Finally, Dr. Lemieux testified that it was her opinion that plaintiffs injuries are medically, more probable than not, a result of the March 2008 car accident.
*58 Dr. Vaclav Hamsa,[2] an orthopedic surgeon, also testified on plaintiffs behalf at trial. Dr. Hamsa examined plaintiff on July 13, 2011, at which time plaintiff went through her medical and health history and described her symptoms; Dr. Hamsa performed a physical exam which revealed objective symptoms. Dr. Hamsa testified that based on what plaintiff reported to him and the findings he reviewed from plaintiffs MRI scan, in his opinion, plaintiffs injuries are medically, more probable than not, a result of the March 2008 car accident.
[4Plaintiff is assisted in hér burden of proving causation by the presumption described in Housley v. Cerise, 579 So.2d 973 (La.1991) wherein the Louisiana Supreme Court stated that:
[a] claimant’s disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.
D’Angelo v. Guarino, 10-1555, p. 8 (La.App. 4 Cir. 3/9/12), 88 So.3d 683, 689 (quoting Housley, 579 So.2d at 980). Thus, in order to defeat this presumption, defendants must point to an independent event which could have caused the injury in question. Williams v. Stewart, 10-0457, p. 7 (La.App. 4 Cir. 9/22/10), 46 So.3d 266, 272 (citing 19 Frank L. Maraist, Louisiana Civil Law Treatise: Evidence and Proof, § 4.3).
At trial, defendants attempted to relate plaintiffs injuries to a thirteen-year-old automobile accident plaintiff was involved in. In the alternative, defendants argued that plaintiffs injuries were sustained while performing job related duties as a laborer with the Jefferson Parish drainage department. Plaintiff testified that prior to the accident at issue, she was pain-free. Plaintiff confirmed that she was in another automobile accident in 2000 and was discharged from medical treatment in 2001. Plaintiff further testified that she did not hurt her neck or back in any other way before the 2008 accident. No evidence was introduced to negate that testimony. Moreover, both Dr. Lemieux and Dr. Hamsa attributed plaintiffs injuries to the 2008 automobile accident. While medical testimony was given at trial that aging or “turning the wrong way or picking up a pencil” can herniate a |5disc, the finder of fact cannot speculate as to the array of possibilities for causation when medical witnesses have established an incident as the probable cause of injury. Maranto, 94-2603, pp. 6-7, 650 So.2d at 762.
An appellate court can only decide whether the trial court’s findings were reasonable, not whether they were right or wrong. Broussard v. State ex rel. Office of State Bldgs., 12-1238, p. 13 (La.4/5/13), 113 So.3d 175, 186 (citing Stobart v. State through Dep’t of Transp. & Dev., 617 So.2d 880, 882 (La.1993)). Thus, an appellate court may not set aside a trial court’s factual finding unless it is clearly wrong or manifestly erroneous. Id. (citing Rosell v. ESCO, 549 So.2d 840, 844 (La.1989)). While an appellate court must review the trial court’s conclusions in light of the entire record, it “must be cautious not to reweigh the evidence or to substitute its own *59 factual findings just because it would have decided the case differently.” Menard v. Lafayette Ins. Co., 09-1869, p. 15 (La.3/16/10), 31 So.3d 996, 1007 (citing Rosell, 549 So.2d at 844).
After a review of the record, we find that a reasonable factual basis exists for a finding that plaintiffs back and neck injuries were a result of the March 5, 2008 automobile accident. Thus, we cannot say the trial court manifestly erred.

Quantum, of Damages

In their second and final assignment of error, defendants argue the trial court erred in awarding plaintiff $65,000 in general damages and $18,761 in past medical specials.

A. General Damages

General damages, such as pain and suffering, are those that are inherently speculative in nature and cannot be set with mathematical certainty. Reeves v. Grove, 10-1491, p. 4 (La.App. 4 Cir. 9/21/11), 72 So.3d 1010, 1013 (citing Parker v. Robinson, 05-0160, p. 1 n. 2 (La.App. 4 Cir. 2/22/06), 925 So.2d 646, 648; Moody v. Blanchard Place Apartments, 34,587, pp. 27-28 (La.App. 2 Cir. 6/20/01), 793 So.2d 281, 297). When damages are not susceptible to exact calculations, great discretion shall be left to the trial court for the reasonable assessment of these damages. La. C.C. art. 1999.
A general damages award should only be disturbed when the trial court has abused its broad discretion. Munch v. Backer, 10-1544, p. 8 (La.App. 4 Cir. 3/23/11), 63 So.3d 181, 188 (citing Bouquet v. Wal-Mart Stores, Inc., 08-0309, pp. 4-5 (La.4/4/08), 979 So.2d 456, 459). If the award is supported by the evidence and a reasonable trier of fact could have reached that amount, the award will not be deemed excessive. Reeves, 10-1491, p. 3, 72 So.3d at 1013 (citing Maney v. Evans, 00-0798, p. 5 (La.App. 4 Cir. 2/14/01), 780 So.2d 1136, 1140). Conversely, if the award is so disproportionate to the injury that it “shocks the conscience,” the trial court has clearly abused its discretion. Guillot v. Daimlerchrysler Corp., 08-1485, pp. 30-31 (La.App. 4 Cir. 9/24/10), 50 So.3d 173, 196 (citing Logan v. Brink’s, Inc., 09-0001, p. 13 (La.App. 4 Cir. 7/1/09), 16 So.3d 530, 540).
In addition, defendant must compensate plaintiff for the full extent of the injuries sustained, even if defendants simply aggravated a preexisting condition. Gaunt v. Progressive Sec. Ins. Co., 11-1094, p. 33 (La.App. 4 Cir. 6/8/12), 92 So.3d 1250, 1271 (citing Lasha v. Olin Corp., 625 So.2d 1002, 1006 (La.1993)). However, before recovery can be granted for aggravation of a pre-existing condition, a causative link between the accident and the victim’s current condition must be established. Id. (citing Logan, 09-0001, p. 10, 16 So.3d at 539).
Defendants contend the general damages award should be reduced to be consistent with other awards for similar injuries, however, this contention is |7misguided. Only after an abuse of discretion is established is an examination of awards in similar cases appropriate. Miller v. LAMMICO, 07-1352, p. 28 (La.1/16/08), 973 So.2d 693, 711 (citing Reck v. Stevens, 373 So.2d 498, 501 (La.1979); Anderson v. New Orleans Pub. Serv., Inc., 583 So.2d 829, 834 (La.1991); Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993)).
Applying the foregoing appellate standards to the general damages award, we find the trial court did not abuse its discretion in awarding plaintiff $65,000 as plaintiff has undergone treatment for more than five years. Parenthetically, any consideration of comparable awards would reveal similar results. See, e.g., Joseph v. *60 Archdiocese of New Orleans, 10-0659 (La.App. 4 Cir. 11/10/10), 52 So.3d 203 (award of $30,000 in general damages was not an abuse of discretion where motorist suffered soft tissue injury which doctor estimated only ten percent of the injury was the result of the accident at issue); Ruffin v. Burton, 08-0893 (La.App. 4 Cir. 5/27/09), 34 So.3d 301 (award of $125,000 in general damages to motorist who underwent over two years of regular treatment for back, neck, and shoulder injuries sustained in an automobile accident was not an abuse of discretion); Tremblay v. Allstate Ins. Co., 05-0956 (La.App. 4 Cir. 3/21/07), 955 So.2d 700 (award of $40,000 in general damages to motorist who endured fifteen months of treatment for cervical and thoracic injuries sustained in an automobile accident was not an abuse of discretion).

B. Past Medical Expenses

Special damages, such as past medical expenses, are those which have a “ready market value,” such that the amount of damages can be calculated with relative certainty. Kaiser v. Hardin, 06-2092, p. 11 (La.4/11/07), 953 So.2d 802, 810 (citing McGee v. A C and S, Inc., 05-1036 (La.7/10/06), 933 So.2d 770, 774). |sAn appellate court may not set aside this finding unless, in view of the entire record, it is manifestly erroneous or clearly wrong. Rosell, 549 So.2d at 844 (citing Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Canter v. Koehring, 283 So.2d 716, 724 (La.1973)). Moreover, where there is conflict in the testimony, reasonable evaluations of credibility and inferences of fact may not be set aside upon review. Id. (citing Arceneaux, 365 So.2d at 1333; Canter, 283 So.2d at 724). Nevertheless, the trial court’s discretion is more limited in assessing special damages than with general damages. Donaldson v. Hudson Ins. Co., 12-1013, p. 8 (La.App. 4 Cir. 4/10/13), 116 So.3d 46, 52 (citing Greenhead Gun Club, L.L.C. v. City of Shreveport, 40,045, p. 14 (La.App. 2 Cir. 10/12/05), 914 So.2d 62, 71).
Defendants contend the trial court erred in its award of past medical specials because the treatment was not a result of the accident at issue. In the alternative, defendants argue they are not responsible for the entirety of the medical expenses because of plaintiffs gaps in treatment. As stated above, we find the record testimony and evidence establishes a causal relationship between the accident and plaintiffs injuries. Thus, the treatment plaintiff received is related to the accident and defendant’s first argument is without merit.
In addressing the second argument, defendants assert that Dr. Lemieux cleared plaintiff for employment, which involved “heavy lifting,” ón September 20, 2010, even though Dr. Lemieux had not treated plaintiff since May 20, 2010. Defendants argue the record testimony proves that plaintiff completed her treatment for the injuries related to the accident on May 20, 2010, and her medical expenses when she returned to treatment on February 3, 2011 and thereafter are unrelated to the accident at issue. Defendants therefore contend the award for medical expenses should be reduced to $9,835.
| ^Defendants in brief cite Bernard v. Hartford Ins. Co., 09-71, p. 5 (La.App. 3 Cir. 6/3/09), 12 So.3d 1098, 1102, as authority for their argument that a trial court may use a break in treatment as a factor when determining whether said treatment is related to the subject accident (citing Griffin v. Kurica, 03-190, p. 7 (La.App. 5 Cir. 6/19/03), 850 So.2d 807, 811). In the instant case, there is no proof whether the trial court used plaintiffs gap in treatment as a factor in its analysis. Nevertheless, a *61 determination either way would not be an abuse of discretion as this finding is based on reasonable credibility determinations and factual evaluations which will not be disturbed unless manifestly erroneous. Keller v. Monteleon Hotel, 09-1327, p. 2 (La.App. 4 Cir. 6/23/10), 43 So.3d 1041, 1042 (quoting Rosell, 549 So.2d at 844). We do not find the trial court abused its wide discretion and therefore refuse to upset the award of past medical specials.
DECREE
For the foregoing reasons, the trial court’s judgment in favor of plaintiff, Venus Williams, and against defendants, Daniel Mathieu and State Farm Mutual Automobile Insurance Co., is affirmed.
AFFIRMED

. Defense counsel stipulated to Dr. Lemeiux’s qualifications as an expert in the field of chiropractic medicine.

. Defense counsel stipulated to Dr. Hamsa's qualifications as an expert in the field of orthopedics.