YELVERTON, Judge.
Albert Basco appeals the jury’s factual finding that the negligence of Freddie Rodgers in snagging a guy wire and causing live wires and debris to fall on Basco’s vehicle did not cause his ankle injury. Bas-co sued Rodgers, his employer, Keith Johns, his employer’s insurer, Texas Fire and Casualty, and his own uninsured motorist carrier, Aetna Casualty Insurance Company. The suit also named the sheriff of Natchitoches Parish, as well as the State of Louisiana, but these claims were not pursued and they were dismissed by judgment.
Basco claims to have been injured in the second of two accidents which happened close together in time and place. On February 18, 1986, Willie Odum lost control of his vehicle, left the northbound lane of La. Highway 1 in Natchitoches Parish, struck a utility pole, and overturned in the ditch next to the southbound lane. This first accident occurred at about 3:45 P.M., about one mile north of Natchez, Louisiana. An ambulance arrived and blocked the southbound lane of traffic. Traffic was stopped in both directions. Basco’s truck was the second or third vehicle stopped in the southbound lane. Keith John’s eighteen-wheeler log truck, driven by Freddie Rodgers, was the first vehicle in the northbound lane.
After waiting 10 minutes, Rodgers started forward but his load of logs snagged a guy wire extending over the highway. The guy wire had dropped down some as a result of the previous accident. When the log truck snagged the guy wire, that made a utility pole fall on the ambulance, part of its disintegrated cross member struck a motorist, and live electric wires set a brush fire in the ditch. Debris and live wires also *734 struck the front driver’s side of Basco’s vehicle, causing some property damage.
Basco claims that he injured his left ankle. He was not sure how it happened. According to his recollection, it possibly happened when he was tossed about in his truck’s cab while debris was falling on the hood of his truck. He testified that he may have stepped on something and twisted his ankle when he jumped out of his vehicle. According to the state trooper who came to the scene, Basco evidenced no sign of injury, did not complain of pain, and when asked, told the trooper that he had not been hurt. At trial, Basco testified that he felt a burning sensation in his foot at the time of the accident and has experienced pain ever since.
Basco did not seek medical treatment until two and one-half months after the accident. On April 29, 1986, he went to the Huey P. Long Charity Hospital Outpatient Clinic. He was diagnosed as having a sprain and cartilage damage involving his left foot. Basco then saw Dr. Joseph Thomas on three or four occasions. Dr. Thomas diagnosed a sprain contusion to the left ankle. Dr. Thomas died, and Basco then saw Dr. John Sandifer, an orthopedist, on July 2, 1986. Dr. Sandifer diagnosed a chronic ankle sprain. Dr. Sandifer sent Basco to Dr. Walter Deacon for a second opinion. Basco saw Dr. Deacon in early 1987. Dr. Deacon also diagnosed a mild to moderate ankle sprain. Basco’s attorney referred him to Dr. David Steiner in August 1987. Dr. Steiner diagnosed arthrosis of the sublator joint of the left ankle due to trauma and recommended surgery. Dr. Steiner saw Basco four more times with the last visit being on June 22, 1989.
A jury decided the case. Answering interrogatories, the jury decided that the second accident resulted solely from the negligence of Freddie Rodgers. The jury responded to two other interrogatories finding that Rodgers’ negligence did not cause Basco injury, and that Basco received no injuries as a result of the accident. The trial judge denied a motion for judgment notwithstanding the verdict.
On this appeal Basco claims that the jury erred in failing to correctly apply the law and award damages. Basco contends that the jury disregarded the legal presumption that when symptoms of an injury appear shortly after a traumatic incident that are consistent with that incident and continuously worsen, a defendant who contests the cause-in-fact relationship must show some other particular incident could have caused the injury in question to overcome plaintiff’s case. This rule was applied in Petersen v. State Farm Auto. Ins. Co., 543 So.2d 109 (La.App. 3rd Cir.), writ denied 546 So.2d 1223 (La.1989); Davis v. Galilee Baptist Church, 486 So.2d 1021 (La.App. 2nd Cir.1986); and Miller v. Allstate Insurance Company, 221 So.2d 908 (La.App. 1st Cir.1969). The rule was included in the jury charges. Basco cites these cases to argue that the jury failed to follow the law as given by the trial court.
Our study of this record and assessment of the jury verdict causes us to conclude that Basco failed to convince the jury that he suffered an injury on February 18,1986, simply because they did not believe him. The main thrust of the defense was an attack on Basco’s credibility, and it succeeded. It is true that the two doctors who testified at the trial were of the opinion that Basco’s foot problem was the result of an injury. However, the jury was not bound to believe that that injury occurred on the day of this accident. There was considerable evidence elicited at trial, including inconsistencies in his own testimony, to show that Basco’s symptoms did not appear until long after February 18, 1986.
This evidence included different versions of how long he worked after the incident, and why he was laid off. Basco testified that he worked six or seven days after the accident but had to quit because his foot was swollen. The defense offered evidence that he worked for two months and asked to be laid off to avoid a transfer to Texas. Medical reports showed that he worked for at least three weeks after the injury.
Basco never saw a physician until after he quit working. He admitted that he may have seen an attorney before seeing a doc *735 tor. Basco wore a brace to court, but did not wear it on the occasions when he saw Dr. Steiner.
State Trooper Ronald Dowden testified that he spoke to Basco at the scene of the accident, and Basco said he was not hurt and appeared to be alright. He did not tell Trooper Dowden that he had had an accident, and at the trial was unsure whether he was hurt inside his truck or after he got out of it. Dr. Steiner agreed that Basco’s diagnosis was essentially based on subjective symptoms. Basco’s complaints of pain and loss of motion were not subject to independent corroboration. Dowden also indicated that there was no real damage to Basco’s vehicle.
Reasonable jurors could have concluded that Basco was not injured. Rosell v. ESCO, 549 So.2d 840 (La.1989). We find no manifest error in such determination under these facts. The judgment is affirmed, at appellant’s costs.
AFFIRMED.