DENNIS R. BAGNERIS, SR., Judge.
 

 |, The appellants, Gregory Burton, the Sewerage and Water Board of New Orleans and Clarendon American Insurance Company, appeal the judgment of the district court in favor of the plaintiff/appellee, Robin Y. Ruffin, awarding Ms. Ruffin $125,000 for her pain and suffering, $8,666 for her medical expenses and $2500 for her lost wages, court costs and interest. For the following reasons, we amend a portion of the judgment and affirm the judgment of the district court as amended.
 

 Facts
 

 The facts of this case are not in dispute. On November 14, 2005, Ms. Ruffin was traveling on Behrman Highway in Orleans parish when a truck operated by Sewerage and Water Board employee, Gregory Burton, crossed lanes into oncoming traffic and struck Ms. Ruffin’s vehicle on the passenger side. At the time of the accident, Mr. Burton was in the course and scope of employment with the Sewerage and Water Board. Ms. Ruffin refused emergency medical treatment and subsequently sought the care of different physicians with complaints of neck |Pand shoulder pain. Ms. Ruffin was born with an elevated right scapula known as Srengel’s Deformity for which she previously underwent yearly evaluations of her shoulder, but had not been evaluated since 1976. She was also in a series of accidents, but remained asymptomatic for four and a half years prior to the accident.
 

 Procedural History
 

 Ms. Ruffin filed suit against Gregory Burton, now deceased, the Sewerage and Water Board of New Orleans, and Clarendon American Insurance Company. In a judgment dated April 17, 2008, the district court awarded Ms. Ruffin as follows: $125,000 for her pain and suffering, $8,666 for her medical expenses and $2,500 for her lost wages, court costs and interest. It is from this judgment that the appellants take the instant appeal.
 

 Assignments of Error
 

 The appellants argue the following assignments of error: (1) the trial court erred in rendering judgment against Clarendon American Insurance Company; (2) the trial court erred in ruling that Ms. Ruffin’s neck condition resulted from the accident of November 14, 2005; (3) the trial court erred in refusing to allow the pre-accident records of Dr. Rochon into evidence; and (4) the trial court erred in awarding $125,000 to Ms. Ruffin in general damages. In addition to the appellant’s assignments of error, they offer eleven issues for this Court to review. The issues for review are specific in nature and are encompassed within the appellant’s argument; therefore, we will not address them separately.
 

 ^Assignment of Error # 1
 

 The appellants argue that the precise language of the Clarendon American insurance policy as to the coverage for Sewerage and Water Board applies only
 
 *303
 
 when there is an excess of the retained amount of $200,000 and that the award of $136,166, which is well below the $200,000 threshold, is solely the responsibility of the Sewerage and Water Board.
 

 Ms. Ruffin agrees with the argument of the appellant. She too maintains that “the trial court erred in rendering judgment against defendant, Clarendon American Insurance Company, because its insurance policy is subject to a self-insured retention of $200,000 per occurrence, which is the responsibility of defendant, sewerage and water board.”
 

 The policy reads as follows:
 

 This policy applies [in] access of a retained amount is the responsibility of the insured and it is to be paid from the insured’s own account
 

 SECTION III-RETAINED AMOUNT SECTION III
 

 A. The Limit of Insurance for this policy applies only in excess of the Retained Amount shown in the Declarations.
 

 B. The Retained Amount shall be applied to each Accident only against damages and Claims Expense for Bodily Injury and Property Damage for which coverage is afforded by this policy
 

 C. The Retained Amount shall not include any amounts for damages or Claims Expense from an Accident that takes place prior to or subsequent to the policy period shown in the Declarations.
 

 The plain language of the policy clearly states that the limit of insurance is $1,000,000 per accident, subject to a “Retained Amount” of $200,000. There is no ^question that the Sewerage and Water Board is solely responsible for the first $200,000. Therefore, we amend the judgment of the district court rendering judgement against Clarendon American insurance Company and the Sewerage and Water Board in the amount of $125,000 to be rendered against the Sewerage and Water Board, individually.
 

 Assignment of Error # 2
 

 The appellants maintain that the medical records submitted into evidence fail to support specific complaints of neck pain by Ms. Ruffin. They support their argument by pointing out that the doctors failed to indicate neck pain in their charts after different visits from Ms. Ruffin and that Dr. Chambers testified that he ordered an MRI because he did not think that it would come back with anything positive. To further their argument, the appellants maintain that Ms. Ruffin secured a job as a home health aid where she lifts and bathes patients at Touro Infirmary.
 

 Ms. Ruffin submits that the medical records clearly indicate that she was complaining of neck and back pain and receiving treatment for both. She does admit that she indicated that in her Touro job questionnaire that she thought “back, spine or neck pain” referenced any surgical procedures or conditions that would prevent her from working.
 

 In
 
 Dixon v. Travelers Ins. Co.,
 
 02-1364, pp. 8-9 (La.App. 4 Cir. 4/2/03), 842 So.2d 478, this court held that:
 

 A plaintiff in a tort case has the burden of proving by a preponderance of the evidence that the accident more probably than not caused the claimed disabling condition.
 
 Jones v. Peyton Place, Inc.,
 
 95-0574, p. 12 (La.App. 4 Cir. 5/22/96), 675 So.2d 754, 763. This burden is satisfied if medical evidence is presented establishing that it is more probable than not that the claimed condition was caused by the accident.
 
 Id.
 
 at p. 13, 675 So.2d at 763.
 

 
 *304
 
 In meeting this burden, a plaintiff may be aided by a presumption of causation “if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.”
 
 Id.
 
 (citing
 
 Housley v. Cerise,
 
 579 So.2d 973, 980 (La.1991)). This so-called
 
 Housley
 
 presumption, however, is not absolute; the defendant may rebut it by showing that some other particular incident could have caused the disabling condition. 19 Frank L. Maraist,
 
 Louisiana Civil Law Treatise: Evidence and Proof,
 
 § 4.3 (2001 Supp.)(citing
 
 Simon v. United States,
 
 51 F.Supp.2d 739 (W.D.La.1999)). The
 
 Simon
 
 court explained “the importance of credibility and stated that the finder-of-fact is entitled to stray from the presumption.” 51 F.Supp.2d at 746 (citing
 
 Basco v. Natchitoches Parish Sheriffs Department,
 
 586 So.2d 733, 734 (La.App. 3 Cir.1991)).
 

 Credibility determinations, including evaluating and resolving conflicting testimony, are factual findings governed by the well-settled manifest error standard of review. Simply stated, “the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.”
 
 Canter v. Koehring Co.,
 
 283 So.2d 716, 724 (La.1973).
 

 Dixon v. Travelers Ins. Co.,
 
 02-1364, pp. 8-9 (La.App. 4 Cir. 4/2/03), 842 So.2d 478, 484.
 

 The record reveals that Ms. Ruffin was seen and/or treated by Dr. Lilibeth Ro-chon, Dr. Michael Chambers, Dr. Rudolph Hamsa and that her MRI was reviewed by Dr. Lander Pearce. The record also reveals that it had been four years since Ms. Ruffin sought medical treatment prior to the accident. All but Dr. Pearce testified as to Ms. Ruffin’s condition after the accident.
 

 |flMs. Ruffin’s continued doctor visits, treatments, and tests all indicate that she maintained regular and consistent care for her injuries. She testified that her complaints of shoulder pain included pain that radiated to her neck. The district court concluded that when Ms. Ruffin and the testifying doctors were asked to indicate the area of pain, they all indicated that the pain begin at the neck and radiated down the shoulder. After reviewing the record, and in light of the doctor’s testimony throughout the trial, which the appellants argue are contradictory, we cannot say that the trial court erred in finding that Ms. Ruffin failed to complain about neck pain after the accident in question. The trial court made credibility determinations, and based on the clearly wrong/manifestly erroneous standard, we find no error on the part of the trial court’s reasonable conclusion.
 

 A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” The Supreme Court set forth a two-part test for the reversal of a factfinder’s determinations: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
 
 Stobart v. State through Dep’t of Transp. and Dev.,
 
 617 So.2d 880, 882 (La.
 
 *305
 
 1993). On appeal, the issue to be resolved is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one.
 
 Id.
 
 Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989);
 
 Talton v. USAA Cas. Ins. Co.,
 
 2006-1513, p. 11, (La.App. 4 Cir.2008), 981 So.2d 696, 705.
 

 Assignment of Error # 3
 

 |7The appellants argue that the trial court erred in refusing to allow the pre-accident records of Dr. Rochon into evidence. Specifically the appellants maintain that the medical records subpoenaed from Dr. Rochon at trial failed to include Ms. Ruffin’s records from when Dr. Ro-chon treated her at Westside Clinic. Appellants maintain that when they learned of the Westside records it was too late to subpoena them for trial and that the trial court erred in not allowing them into evidence since opposing counsel was aware that Ms. Ruffin was treated at Westside by Dr. Rochon and that Dr. Rochon had the records with her at trial.
 

 Accordingly, Ms. Ruffin argues that the Pre-Trial Order was clear that all discovery shall be completed within 45 days prior to trial. At that time, the appellants had only subpoenaed the medical records of Ms. Ruffin from Dr. Rochon from Family Doctor’s Clinic; not Westside. Dr. Ro-chon was not allowed to submit the records from Westside because the trial court reasoned that the element of surprise was unfair. However, the trial court did allow Dr. Rochon to testify as to her treatment of Ms. Ruffin while she was seen at West-side against Ms. Ruffin’s objection.
 

 No constitutional right to discovery exists; discovery is a statutorily created privilege.
 
 Council of the City of New Orleans v. All Taxpayers, Property Owners, et al.,
 
 03-0189, p. 6 (La.App. 4 Cir. 2/24/03), 841 So.2d 72, 76. While the courts should construe the discovery statutes broadly and liberally, as a general rule, the trial court’s discretion in discovery matters is vast.
 
 See, Succession of Manheim,
 
 98-2051 (La.App. 4 Cir. 4/21/99), 734 So.2d 119, 125,
 
 writ denied,
 
 99-1861 (La.10/8/99), 751 So.2d 218. Absent an abuse of discretion, an appeal court should not reverse a trial court’s discovery ruling.
 
 Id.,
 
 p. 10, 734 So.2d at 125. See also,
 
 Laburre v. East Jefferson General Hospital,
 
 555 So.2d 1381, 1385 (La.1990) and
 
 Board of Directors of Industrial Development Bd. of City of New Orleans v. All Taxpayers, Property Owners, Citizens of City of New Orleans
 
 03-0826 (La.App. 4 Cir. 5/29/2003), 848 So.2d 740, 745.
 

 There is no abuse of discretion by the district court who properly excluded Dr. Rochon’s medical records because the appellants failed to subpoena them in accordance with the law. Thus, this assignment of error is without merit.
 

 Assignment of Error # 4
 

 In their final assignment of error, the appellants argue that the trial court erred in awarding $125,000 to Ms. Ruffin in general damages. In its Reasons for Judgment, the trial court reasoned:
 

 The testimony and evidence revealed that prior to the accident, Ms Ruffin was asymptomatic and had no medical treatment for four and a half years. However, following this accident, she had complaints of pain and documented spasms in her cervical spine. For these reasons, the court finds that this accident caused a bulge at C5-6, with no nerve root impingement, and caused the asymptomatic condition of her shoulder to become systematic. In addition, she sustained a deep-bone bruise and inflam
 
 *306
 
 mation of her right knee. Dr. Hamsa assigned a five (5%) percent whole body impairment rating for the injuries to the cervical spine, a ten (10%) percent permanent impairment rating for the injuries to her right shoulder, and a three (3%) percent impairment rating to her right arm.
 

 Based on the above, the Court awards Ms. Ruffin the sum of $125,000 for her pain and suffering.
 

 Once again, for this assignment of error, as in the appellants assignment of error #2, the appellants outline at length the testimony of the doctors throughout trial and compares the testimony to Ms. Ruf-fin’s chief complaints arguing that Ms. Ruffin did not have a knee injury. The appellants base their argument on
 
 Coleman v. Wal-Mart Stores, Inc.,
 
 802 So.2d 716 (La.App. 4 Cir.2001), whereby the award |sfor general damages was $2,500 to a woman who reinjured her shoulder when a bike fell from a shopping cart hitting her right shoulder.
 

 The standard of appellate review of a damage award is clear abuse of discretion.
 
 Theriot v. Allstate Ins. Co.,
 
 625 So.2d 1337, 1340 (La.1993). The Supreme Court addressed the standards governing appellate review of general damage awards in
 
 Andrus v. State Farm Mutual Auto. Ins. Co.,
 
 95-0801 (La.3/22/96), 670 So.2d 1206. Specifically, the Supreme Court stated:
 

 In appellate review of general damage awards, the court must accord much discretion to the trial court judge or jury.
 
 Reek v. Stevens,
 
 373 So.2d 498 (La.1979). The role of an appellate court in reviewing awards of general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trial court.
 
 Id.
 
 Only if the reviewing court determines that the trial court has abused its “much discretion” may it refer to prior awards in similar cases and then only to determine the highest or lowest point of an award within that discretion.
 
 Coco v. Winston Indus., Inc.,
 
 341 So.2d 332 (La.1976).
 

 Because discretion vested in the trial court is “great,” and even vast, an appellate court should rarely disturb an award of general damages.
 
 Youn v. Maritime Overseas Corp.,
 
 623 So.2d 1257, 1261 (La.1993). Reasonable persons frequently disagree about the measure of general damages in a particular ease. It is only when the award is,
 
 in either direction,
 
 beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
 
 Id. Andrus v. State Farm Mutual Auto. Ins. Co.,
 
 95-0801 (La.3/22/96), 670 So.2d 1206, 1210.
 

 Raines v. Columbia Lakeland Medical Center,
 
 05-0243, pp. 5-6, (La.App. 4 Cir. 1/4/06), 923 So.2d 170, 173-174.
 

 Ms. Ruffin underwent approximately two and a half years of regular treatment and the trial court remains in the best position to place a quantum amount on the injuries suffered as long as such award does not shock the conscious. In
 
 Burgess v. C.F. Bean Corp.
 
 1998-3072 (La.App. 4 Cir. 8/18/99), 743 So.2d 251, this Court concluded that the trial court has great discretion in assessing damages, and the trial court’s finding in this regard will not be disturbed on appeal in the absence of clear abuse of discretion.
 
 Id.
 
 p. 20-21, 743 So.2d at 262-63. We further concluded that based on the record in
 
 Burgess
 
 we did not find that do the trial court abused its vast discretion when it awarded Mr. Burgess $100,000 in general damages.
 

 
 *307
 
 There was no abuse of discretion in the district court’s award of $125,000 to Ms. Ruffin in general damages.
 

 Conclusion
 

 For the reasons stated above we find that the district court erred in casting judgment against
 
 both
 
 Clarendon American Insurance Company and the Sewerage and Water Board in the amount of $125,000. We find that the evidence in the record supports that Ms. Ruffin suffered from neck pain due to the accident in question. We further conclude that the district court did not err in not allowing Dr. Rochon to submit medical records that were not properly requested in discovery. Finally, we do not find that the award of $125,000 in general damages awarded to Ms. Ruffin was excessive.
 

 Decree
 

 We amend the portion of the judgment casting both Clarendon American insurance Company and the Sewerage and Water Board in judgment for $125,000 making such payment the sole responsibility of the Sewerage and Water Board and we affirm the remainder of the judgment appealed in its entirety.
 

 AMENDED IN PART; AFFIRMED AS AMENDED.