930 So.2d 121 (2006)
Idell Gray WILLIAMS
v.
Todd J. ROBERTS and Allstate Insurance Company.
No. 05-CA-852.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 2006.
Phyllis C. Coci, Metairie, La., for Plaintiff/Appellee.
Christopher E. Lawler, Christopher P. Lawler, Donovan & Lawler, Metairie, La., for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
Defendant, Allstate Insurance Company, appeals following an award of damages to plaintiff, Idell Gray Williams, resulting from an automobile accident between the plaintiff and Allstate's insured, Todd Roberts. For the following reasons, we amend the judgment of the trial court, and affirm as amended.
*122 On August 21, 2003 plaintiff, Idell Williams ("Williams") was traveling west-bound through St. Charles Parish on U.S. 61 when her automobile was struck from behind by defendant, Todd Roberts ("Roberts"), while stopped at a red light. Thereafter, on January 21, 2004, Williams filed suit in the Twenty-Ninth Judicial District Court for the Parish of St. Charles against Roberts and his insurer, Allstate Insurance Company ("Allstate"), alleging injuries to her cervical, thoracic, and lumbosacral spine. Prior to a bench trial on the merits, which was held on April 28, 2005, Allstate stipulated to both liability and coverage. Following trial, the court awarded Williams $14,000 in general damages, $2,175 in special medical damages, and $175 in lost wages.
Allstate timely filed the present appeal.

LAW AND ARGUMENT
On appeal, Allstate's lone assignment of error is that the trial court abused its discretion in its award of general damages to Williams.
In regard to the appellate review of general damage awards, the Louisiana Supreme Court noted in Theriot v. Allstate Ins. Co.:[1]
Our jurisprudence has consistently held that in the assessment of damages, much discretion is left to the judge or jury, and upon appellate review such awards will be disturbed only when there has been a clear abuse of that discretion[.] ... And, "[i]t is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review be considered either excessive or insufficient." . . . Appellate courts review the evidence in the light which most favorably supports the judgment to determine whether the trier of fact was clearly wrong in its conclusions.... Before an appellate court can disturb the quantum of an award, the record must clearly reveal that the jury abused its discretion. In order to make this determination, the reviewing court looks first to the individual circumstances of the injured plaintiff. Only after analysis of the facts and circumstances peculiar to the particular case and plaintiff may an appellate court conclude that the award is inadequate. . . . This court recently considered the standard of appellate review of general damages awards in Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La. 1993); the majority opinion contains the following commentary of the interpretation and application of the controlling legal precepts:
The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) through Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and through Reck [v. Stevens, 373 So.2d 498 (La.1979)] to the present case is that the discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the *123 particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
(Citations omitted.)[2]
In the present case, Williams testified at trial and described for the court her alleged injury and treatment. She stated that, immediately after the accident, she stopped by a client's house to let her know that she could not work that day, and then she went home to lie down because of a "bad headache" and dizziness. She was not treated for any injury at the scene of the accident. Williams said that she first sought medical treatment with Dr. Henry Fitch, a chiropractor, approximately three days after the accident.
Williams testified that she took an over-the-counter pain reliever three times a day for the first month following the accident. In her second month of treatment with Dr. Fitch, she saw him two days a week, and her visits included rehabilitative exercises. Williams said that, in her third month of treatment, she felt better than she did immediately after the accident, but she still experienced pain. Williams stated that she continued to have a "burning sensation" in her neck for approximately two months after she was discharged by Dr. Fitch. Williams testified that her injuries prevented her from doing some tasks around her house and additionally caused intimate relations with her husband to cease for approximately three weeks.
On cross-examination, Williams testified that there was no difference in her ability to lift weight before or after the accident. Williams further testified that she did not return to Dr. Fitch after she had been discharged from his care.
Medical records from Dr. Fitch were also entered into evidence. Dr. Fitch opined in a narrative report that he first examined Williams on August 25, 2003. At that time, Williams complained of constant pain. Based upon his examination, which included an image of the affected areas, in that same report Dr. Fitch made the following diagnosis of Williams' injuries: (1) Cervical acceleration/ deceleration injury; (2) Loss of cervical lordosis; motion segment integrity loss mid and lower cervicals; (3) Degenerative disc and joint disease; (4) Post-traumatic headaches; and (5) Lumbosacral strain/sprain, hypolordosis, degenerative disc disease, facet syndrome. Dr. Fitch wrote that Williams was discharged from his care on October 22, 2003 "having reached maximum benefit from treatment," but that he felt there was a "moderate chance Ms. Williams will experience muscle pain, headaches, and even paresthesias." Dr. Fitch further stated his opinion that the motor vehicle accident of August 21, 2003 resulted in a stretching and tearing injury to the upper, mid and lower cervical spine, with secondary injuries to the lumbo-sacral spine.
No witnesses testified on behalf of the defense.
Following trial, the court made the following findings of fact and offered an explanation of its special and general damage awards:
I found the plaintiff to be a creditable [sic] witness. Although she sustained only minor damage to her bumper, which she elected not to repair, the preponderance of the evidence indicated that this forty-three year old woman suffered a three month symptomatic cervical, thoracic and lumbar strain, with daily headaches for the first month following the accident. These injuries, more probably than not, secondarily aggravated her pre-existing degenerative *124 disc and joint disease. These injuries interfered temporarily (approximately six weeks) with her marital life (household duties and sexual relation ship [sic] with her husband) and prevented her from performing three contracted house cleaning jobs.
She sustained special medical damages of $2,175.00 dollars [sic] and special damages for lost income in the amount of $175.00 dollars [sic]. Considering this and the above pain and suffering evidence, I find her general damages to be $14,000.00 dollars [sic].
Allstate argues that the award in the present case is greatly disproportionate to other cases in which plaintiffs sustained a similar injury. Allstate contends that the evidence at trial regarding the severity and duration of Williams' injuries does not support the trial court's general damage award. Specifically, Allstate refers to the facts that Williams returned to work the day after the accident and was only diagnosed with soft-tissue injuries, and she was able to control her pain with over-the-counter medication and conservative care. Allstate also contends that Williams' medical records indicate that her injuries resolved rapidly, and in her second month of treatment, there were days when she was pain free.
In support of its argument that the trial court erred in its award of general damages, Allstate cites to several opinions by this Court in which we addressed general damage awards to plaintiffs who sustained injuries similar to those of Williams.[3] While we agree with the trial court's finding that the evidence supports Williams' contention that she sustained at least a three-month injury, based on our review of quantum in those and other cases, we also find that the trial court abused its discretion in the award of general damages in the present case.
As indicated by the Louisiana Supreme Court in Theriot v. Allstate Ins. Co.:
Prior awards under similar circumstances serve only as a general guide. If the appellate court determines that an abuse of discretion has been committed, it is then appropriate to resort to a review of prior awards, to determine the appropriate modification of the award. In such review, the test is whether the present award is greatly disproportionate to the mass of past awards for truly similar injuries. . . . In instances where the appellate court is compelled to modify awards, the award will only be disturbed to the extent of lowering or raising an award to the highest or lowest point which is reasonably within the discretion afforded the trial court....
(Citations omitted.)[4]
After a review of the record and relevant jurisprudence, we hereby amend the general damage award to plaintiff to $7,500, an amount which we find to be commensurate with a soft tissue injury that resolves over a three-month duration. In all other respects, the judgment of the trial court is affirmed. Costs are assessed to the appellee.
AMENDED; AFFIRMED AS AMENDED.
NOTES
[1] 625 So.2d 1337 (La.1993).
[2] 625 So.2d at 1340-41.
[3] Caruso v. Canal Indem. Co., 03-423 (La.App. 5 Cir. 9/16/03), 858 So.2d 31 (and cases cited therein), writ denied, 2003-2752 (La.1/16/04), 864 So.2d 631; Griffin v. Kurica, 03-190 (La. App. 5 Cir. 6/19/03), 850 So.2d 807 (and cases cited therein); Entrekin v. Joanne Powell, 02-1038 (La.App. 5 Cir. 2/11/03), 841 So.2d 845 (and cases cited therein).
[4] 625 So.2d at 1340.