SUSAN M. CHEHARDY, Chief Judge.
|sOn appeal, plaintiff challenges the quantum of damages awarded by the jury for his personal injuries sustained in a motor vehicle accident. For the following reasons, we amend and affirm as amended.

Facts & Procedural History

On December 21, 2008, Jose Castro, appellant-herein, was in a motor vehicle accident with Sonia Estevez, appellee-herein, in the parking lot of Esplanade Mall in Kenner, Louisiana. Mr. Castro contended that Mrs. Estevez backed into his vehicle while attempting to enter a parking space. Conversely, Mrs. Estevez claimed that Mr. Castro hit her vehicle from behind because he was not paying attention as he tried to negotiate the parking lot.
Both parties filed suit for personal injuries sustained as a result of the accident; the matters were consolidated. Subsequently, trial of liability and damages was bifurcated. Regarding liability for the accident, the jury found that Mr. Castro was *433 55% at fault and that Mrs. Estevez was 45% at fault.[1]
Subsequently, after trial of damages, the jury awarded Mr. Castro general damages of $5,000.00; special damages of $4,909.77; and lost wages of $900.00. |40n September 26, 2013, the trial judge issued its written judgment, which awarded Mr. Castro a total of $4,864.40 plus interest from the date of judicial demand.[2] Mr. Castro timely filed an appeal.

Discussion

On appeal, Mr. Castro seeks additur. Specifically, Mr. Castro contends that the jury’s award of only $5,000.00 in general damages was abusively low for a plaintiff with his injuries, namely, a neck sprain lasting five months, herniated discs, pain and suffering, and loss of enjoyment of life with his family. He also contends that the jury erred in failing to award future medical expenses for medial branch blocks, which his treating physician has recommended to reduce his pain. Finally, Mr. Castro contends that the trial judge erred in failing to grant his motion for JNOV where the jury’s award was abusively low.
Our first inquiry is whether the jury abused its discretion by awarding Mr. Castro only $5,000.00 in general damages. General damages are those damages that are inherently speculative in nature and cannot be fixed with mathematical certainty. Duncan v. Kansas City So. Ry. Co., 00-66 (La.10/30/00), 773 So.2d 670, 682; Wainwright v. Fontenot, 00-0492 (La.10/17/00), 774 So.2d 70; Boswell v. Roy O. Martin Lumber Co., 363 So.2d 506, 507 (La.1978). The standard of review applicable to a general damages award is the abuse of discretion standard. Coco v. Winston Indus., Inc., 341 So.2d -332, 335 (La.1976). The trier of fact is afforded much discretion in assessing the facts and rendering an award because it is in the best position to evaluate witness credibility and see the evidence firsthand. Duncan, supra (“Vast discretion is accorded the trier of fact in fixing general damage awards.”); Anderson v. New Orleans Pub. Serv., Inc., 583 So.2d 829, 834 (La.1991).
1RAn appellate court may disturb a damages award only after an articulated analysis of the facts reveals an abuse of discretion. Theriot v. Allstate Ins. Co., 625 So.2d 1337, 1340 (La.1993); Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert, denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). The role of an appellate court in reviewing a general damages award is not to decide what it considers to be an appropriate award but rather to review the exercise of discretion by the trier of fact. Duncan, supra at 682-83; Youn, supra at 1260. To determine whether the fact finder has abused its discretion, the reviewing court looks first to the facts and circumstances of the particular case. • Theriot, supra; Youn, supra at 1261.
Only if a review of the facts reveals an abuse of discretion, is it appropriate for the appellate court to resort to a review of prior similar awards. Duncan, supra; Cone v. Nat’l Emergency Serv. Inc., 99-0934 (La.10/29/99), 747 So.2d 1085, 1089; Youn, supra. In a review of the facts, the test is whether the present award is greatly disproportionate to the mass of past awards for truly similar injuries. Theriot, supra; Reck v. Stevens, 373 So.2d 498, 501 (La.1979). Prior awards, however, are only a guide. Theriot, supra.
*434 In this case, Dr. F. Allen Johnston, the treating orthopedic surgeon; Dr. Charles Aprill, a radiologist; and Dr. David Aiken, an orthopedic surgeon testifying for the defense, found objective evidence in an MRI of Mr. Castro’s lower back that Mr. Castro had a herniated lumbar disc, which was more than likely caused by the motor vehicle accident in question. Further, Dr. Aprill and Dr. Johnston agreed that Mr. Castro had a second herniated lumbar disc, which was asymptomatic but aggravated by the accident. Dr. Aiken, who had never examined Mr. Castro, did not agree that Mr. Castro had a second herniation.
| sin addition, Dr. Johnston indicated that Mr. Castro had undergone cortisone injections to two joints in his lower back that alleviated Mr. Castro’s pain for about one month. Dr. Johnston recommended that Mr. Castro have further treatment, including Novocain injections and radiofrequency neurotomy to block his pain. Dr. Aiken disagreed with treatment by Novocain injections or neurotomy. Mr. Castro testified that he is still in pain that he treats with over-the-counter pain relievers.
Moreover, Dr. Johnston, Mr. Castro’s treating physician, found objective evidence of a sprain in Mr. Castro’s neck that was more probably than not caused by the accident in question. Mr. Castro complained of pain and stiffness in his neck, which resolved within 5 months of the accident.
When this testimony is considered along with the unrefuted testimony that Mr. Castro had no complaints of pain in his back or neck before this accident, we find that the jury award of $5,000.00 for general damages was abusively low.
After determining that an award for general damages is an abuse of the trial court’s discretion, this Court can review prior awards to determine the highest or lowest point, which is reasonably within that discretion. Herzog v. Fabacher, 01-432 (La.App. 5 Cir. 10/17/01), 800 So.2d 997, 1000. Our review of the jurisprudence reveals that awards for a non-surgical herniated lumbar disc requiring treatment with injections are between $40,000.00 and $50,000.00. See, Sanchez v. Dubuc, 12-526 (La.App. 5 Cir. 2/21/13); 110 So.3d 1140, 1146 (no abuse of discretion in award of $47,462.00 for non-surgical herniated lumbar disc); Sutton v. Oncale, 99-967 (La.App. 5 Cir. 3/29/00), 765 So.2d 1072, 1080 (general damage award raised to $40,000.00 for one herniated lumbar disc). Accordingly, based upon the testimony presented in this case, we find that lowest permissible award to Mr. Castro for his general damages caused by this accident is $40,000.00.
| ^Decree
For the foregoing reasons, the judgment of the trial court is amended to increase the jury’s award for general damages to $40,000.00, which will still be reduced by 55% to $18,000.00. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellee, Allstate Insurance Company.

AFFIRMED AS AMENDED.

. Neither party is appealing that finding nor the finding of damages with respect to Mrs. Estevez.

. The total award is the juty's award of $10,809.77 reduced by Mr. Castro’s percentage of fault, 55%.